UNITED STATES of America,

v.

Kimberly HOLLIER, Defendant.

No. 03 CR. 0144.

United States District Court,
S.D. New York.

Feb. 25, 2004.

Earl L. Scott, Attorney at Law, New York, NY, for Defendant.

Marcia Cohen, Assistant United States Attorney, Mary Jo White, United States Attorney, New York, NY, for Plaintiff.

## COURT'S RULING ON GOVERN-MENT'S OBJECTIONS TO DE-FENSE COUNSEL'S CLOSING AR-GUMENTS

MARRERO, District Judge.

During defense counsel's closing arguments in this case, the Court sustained several objections made by the Government. Because of the significance of the issue and the implications of the ruling, the Court would like the record to reflect the basis upon which it sustained those objections. Defense counsel appeared to be suggesting to the jury that his client, defendant Kimberly Hollier, on trial here on charges of willful tax evasion, somehow believed that there was no legal basis upon which he could be subject to income taxes. The apparent purpose of this suggestion was to counter the Government's proof with regard to the "willfulness" element of the charges. In other words, the defense appeared to be endeavoring to suggest to the jury that Mr. Hollier actually believed that the Government did not have the right or authority to impose taxes on him, that he thus did not have any tax obli-

gations and therefore that he could not have intended to evade those obligations.

Of course, Mr. Hollier is entitled to believe whatever he wishes to believe. That is his Constitutional prerogative. However, Hollier's beliefs with respect to the relevant charges on trial were not sufficiently placed at issue or in evidence. Had he taken the stand and stated his views on the matter; had he written a letter to the IRS or to his employer—the New York City Housing Authority—expressing his belief and that document was then admitted in evidence, or had he, during the investigation of the charged offenses, made a statement in this respect to a witness, such as the Internal Revenue Service agent who testified, defense counsel's closing argument may have presented a different matter. But, on the record as the Court assessed it, the Government properly objected to this line of argument because there was absolutely no evidence during the trial as to Mr. Hollier's beliefs concerning the Government's authority to tax him. Although there was ample evidence suggesting that Mr. Hollier violated the tax code, as the Court ruled in denying Mr. Hollier's Rule 29 motion for a judgment of acquittal, there was no evidence supporting the inference that his reason for doing so stemmed from any belief about the legality of the tax system or its applicability to him.

■ The Second Circuit has held that lawyers are entitled to "broad latitude in the inferences they may suggest to the jury during closing arguments." *United States v. Suarez,* 588 F.2d 352, 354 (2d Cir.1978). However, the Second Circuit has also cautioned that counsel may not "refer to 'facts' that are not in the record" nor may counsel "misstate the evidence." *Id.* Similarly, the Supreme Court has held it error for a lawyer, during closing remarks, to "indulge[ ] in an appeal wholly irrelevant to any facts or issues in the

case." *Viereck v. United States,* 318 U.S. 236, 247, 63 S.Ct. 561, 87 L.Ed. 734 (1943).

Defense counsel's suggestions to the jury during summation would have run afoul of these well-settled principles. As the Court already advised the jury and will repeat again in its formal instructions, what the lawyers say in their closing arguments is not evidence, and cannot be so considered by the jury. Defense counsel's line of argument to which the Government objected attempted to reference a fact that was not in evidence and not reasonably suggested by the evidence—namely, that Mr. Hollier disputed the legality of the tax code as applied to him. Similarly, the lack of record evidence as to Mr. Hollier's personal beliefs in this regard rendered the issue irrelevant and therefore improper as a subject of closing remarks.

**SO ORDERED.**